

**Nicole A. Sullivan**

7 Times Square, Suite 2900 | New York, NY 10036-6524
Direct 212.631.4420 | Fax 212.631.4429
sullivann@whiteandwilliams.com | whiteandwilliams.com

April 8, 2020

<u>Via CM/ECF</u>
Honorable Justice Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

      Re:    *Sartorius Stedim North America, Inc. v. Integra Bioprocessing, Inc., et al.*
              <u>Case No. 2:19-cv-00651-LDH-VMS</u>

Dear Justice Scanlon:

      Our Firm represents the Defendants / Counterclaim Plaintiffs Roberto Becerril and Integra Bioprocessing, Inc. (collectively, "Defendants") in the above-referenced action. We write today concerning a dispute among the parties regarding search terms to be utilized for Phase 3 of discovery. We respectfully request that Plaintiff / Counterclaim Defendant Sartorius Stedim North America, Inc. ("Plaintiff") be compelled to utilize Defendants' proposed terms, specified below, to conduct a search of its records and produce responsive documents.

      A.   *Relevant Procedural History*

      The case involves a business dispute between the parties concerning their rights and obligations under a sales representative agreement (the "Agreement"). In the Complaint, Plaintiff alleges that the dispute arose when Defendants breached the Agreement due to certain performance issues, such as adequate staffing, which then led Plaintiff to indicate its intention to terminate the Agreement or modify its compensation structure. *See* Complaint, **Exhibit A**. Defendants deny these allegations and, in turn, have raised a number of affirmative defenses. *See* Defendants' Answer, **Exhibit B**.

      In accordance with the Court's directive, the parties are proceeding with discovery in discrete phases. Phase 1 and Phase 2 were limited to discovery related to Defendants' counterclaims[1] and the last phase, Phase 3, concerns all discovery relating to Defendants'

---

[1] Phase 1 included discovery relating to Defendants' First Counterclaim for breach of contract for improperly withholding agreed-upon commissions; and Phase 2 included discovery relating to Defendants' Second Counterclaim for violations of Law 21, specifically the unilateral modification of certain terms of the Agreement.

defenses to Plaintiff's claim for declaratory judgment. Pursuant to the Court's Discovery Order, dated January 16, 2020, the parties were ordered to enter into an agreement regarding search terms to be used for Phase 3 by March 23, 2020 and are required to produce responsive documents by April 14, 2020.

On March 20, 2020, counsel for Defendants' timely exchanged their proposed search terms for Phase 3, which included:

1. ("Bobby" or "Roberto") and (threat! or intimidat! or coerc! or forc!)
2. ("Integra" or "Bobby" or "Becerril" or "Roberto") and (perform! or staff!)
3. ("Bobby" or "Roberto") and "Puerto Rico" and "New York" /15 law!
4. ("Integra" or "Becerril") and ("cause")
5. ("Bobby" or "Roberto") and ("choice of law" or violat! or impair! or terminat! or "cause")
6. ("Integra" or "Becerril") and (modif! or chang!)
7. ("Bobby" or "Roberto") and (modif! or unilat! or unreasonab! or chang!)
8. (terminat! or cancel! or replac!) /10 (rep! or representative)
9. (restructur! or business or direct) /10 plan /20 (rep! or representative)
10. ("Section 8" or "Section 7" or "Paragraph 7") /20 "New York"
11. ("Section 8" or "Section 7" or "Paragraph 7") /20 "choice of law"
12. ("Section 8" or "Section 7" or "Paragraph 7") /20 (dealer or distributor or "sales representative") /5 agreement!)

(the "Proposed Search Terms"). *See* **Exhibit C**. Plaintiff did not respond to Defendants' proposed search terms until March 24, 2020, a day after the Court-ordered deadline, at which point counsel objected to each of the above terms on the purported grounds that they were either unrelated to Phase 3 or otherwise "overbroad." *See* **Exhibit D**.

In response, we advised counsel for Plaintiff that the objections were improper because the terms were calculated to lead to discovery of documents related to the validity of the Agreement, its termination and/or modification, the choice of law provision and any alleged performance concerns – issues raised by Plaintiff in the Complaint and highly relevant to our defenses. We further requested that, for the terms that Plaintiff claimed to be overbroad, a search be conducted to identify the approximate number of hits so that the parties could make an informed decision about how to best narrow the results, if necessary. *See* **Exhibit E**. Counsel for Plaintiff refused to withdraw the objections or run any of the searches, stating that we had not specified the relevant defenses and repeated that – according to her opinion – the terms were "patently overbroad." *See* **Exhibit F**.

In a further effort to resolve the dispute, on April 6, 2020, we responded to Plaintiff's concerns by identifying the applicable defenses stated in our Answer that relate to Phase 3, particularly: (1) economic duress; (2) violation of public policy and/or Puerto Rican Law; (3) failure to state a cause of action; (4) ratification, consent, waiver, acquiescence; (5) failure to state a valid or enforceable contract; (6) Plaintiff's negligence, carelessness, assumption of risk,

prior breach, fault; (7) anticipatory repudiation; and (8) mistake of the parties and/or of Plaintiff. We also, once again, reiterated our request that a search be conducted for terms alleged to be "overbroad." *See* **Exhibit G**.

The following day, counsel for Plaintiff stated she did not intend to withdraw her objections because: (1) Phase 3 did not encompass all of Defendants' affirmative defenses to "all" of Plaintiff's claims, but was limited only to defenses to the claim for declaratory judgment (which is, notably, Plaintiff's only claim); (2) Defendants' are not entitled to discovery of allegations in the Complaint that, according to counsel, provide background of the dispute and are "totally irrelevant"; (3) it could not "logically be argued that any of [] [the stated] defenses even remotely" relate to Phase 3 considering that they were not stated in response to Plaintiff's motion for summary judgment; and (4) issues concerning choice of law relate only to Phase 2. *See* **Exhibit H**.

Given the parties inability to reach a resolution on this issue, the underlying application was filed shortly thereafter.

### B. *Argument*

Plaintiff should be compelled to utilize Defendant's Proposed Search Terms for Phase 3 to conduct a search of its client's records and produce responsive documents.

i. <u>The Proposed Terms Are Highly Relevant to Phase 3 Discovery</u>

The Proposed Search Terms are highly relevant to Phase 3, which includes all discovery relevant to Defendants' defenses, and Plaintiff's objections to the contrary are unfounded.

As set forth above, the Complaint alleges that the underlying dispute between the parties arose after Defendants breached the Agreement by failing to maintain adequate staff and, as a result of this, Plaintiff intended to seek to terminate and or modify the Agreement, which it believes it is entitled to do under a New York choice of law provision. Defendants have denied each of these allegations and set forth relevant affirmative defenses, arguing, among other things, that there were no staffing or performance issues; the Agreement violates public policy and/or Puerto Rican law; that Puerto Rican law governs the obligations of the parties under Section 8 of the Agreement (or Section 7 of the parties' prior Agreement); and that Plaintiff has failed to state a valid and enforceable contract because the Agreement was a product of economic duress. The Proposed Search Terms are tailored to seek discovery of documents into these key issues. For example, the term (("Bobby" or "Roberto") and (threat! or intimidat! or coerc! or forc!)) is highly relevant to Defendants' economic duress defense that questions the validity of the Agreement. Likewise, the terms (("Bobby" or "Roberto") and "Puerto Rico" and "New York" /15 law!) and (("Section 8" or "Section 7" or "Paragraph 7") /20 "New York") relate to Defendants' defense that the choice of law provision violates of public policy and/or Puerto Rican law, which is essential to Plaintiff's declaratory judgment claim. Notably, Plaintiff has proposed similar terms to be utilized by Defendants in our search, such as "(Conte or Cox or Sartorius) and (duress or coerc! or forc! or intimidat! or threat!)" and "Sartorius and (Law 21 or

Law 75 or Ley 21 or Ley 75) and (invalid! or null! or void! or public policy)." Thus, Defendants' Proposed Search Terms are pertinent and plainly fall within the ambit of Phase 3.

Plaintiff's objection to the relevance of the Proposed Search Terms are baseless. *First*, counsel's argument that Phase 3 is limited only to defenses to Plaintiff's claim for declaratory judgment, as opposed to "all" of Plaintiff's claims, is illogical. The only relief sought by Plaintiff in the Complaint is a declaratory judgment and, thus, Defendants' defenses necessarily relate to "all" of Plaintiff's claims. *Second*, Plaintiff's assertion that Defendants' are not entitled to discovery of certain allegations in the Complaint that, according to counsel, are "irrelevant" is similarly unreasoned. By alleging facts in the Complaint regarding the validity of the Agreement, its termination and/or modification and performance concerns, Plaintiff put these matters at issue in this action, presumably believing them to be relevant and to support a claim for declaratory judgment. Defendants are entitled to discovery into those allegations. *Third*, Defendants' not raising a specific defense in opposition to Plaintiff's motion for summary judgment does not amount to a waiver of such defense, and Plaintiff has cited no authority for such a position. *Fourth*, that issues of choice of law may have also been relevant to Phase 2 does not bar their application or relevance in Phase 3. *Finally*, as Plaintiff acknowledges, none of these same searches were performed in the prior phases, and thus, are relevant and material to complete discovery here. Plaintiff is simply using the phased discovery to preclude Defendants from obtaining discovery into each and every allegation in the complaint, which is clearly allowed and expected under the Federal Rules of Civil Procedure.

  ii. <u>The Proposed Terms Are Not "Overbroad" or Burdensome</u>

Plaintiff's boilerplate objections to the searches as "overbroad" are without merit. The Proposed Search Terms are not vague or overbroad, but rather specifically tailored to the defenses at issue and are calculated to lead to relevant discovery as well as including Boolean search terms. Defendants have repeatedly asked Plaintiff to run the specified searches and report back on the number of hits to determine if the searches are in fact overbroad, and if so, how they may be limited. Plaintiff has simply refused on the basis of counsel's own self-serving speculation that the search terms as proposed will "return thousands of emails." This refusal to even conduct a preliminary search of the terms to determine the scope and number of results, especially given that the time, cost and burden of any such search would be minimal, further indicates that Plaintiff's objection to them as "overbroad" is unsupported.

Accordingly, Defendants' respectfully request that the Court issue an order, compelling Plaintiff to search the Proposed Search Terms provided by Defendants and produce responsive documents within its client's possession, custody and control by April 14, 2020.

            Respectfully submitted,

            /s/ Nicole A. Sullivan
            Nicole A. Sullivan

CC: *All Counsel of Record*